IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARCUS PILKINGTON, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CITY OF WACO, TEXAS, et al, | § § | CASE NO. 1:18-CV-1039-ADA-JCM |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT COURT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff, previously represented by Don Tittle, George Valton Jones, and Kervyn Altaffer, Jr., filed the instant action on December 3, 2018. At some point before or during the pendency of this action, Plaintiff Pilkington was convicted of various felonies in state court and was sentenced to confinement in the Texas Department of Criminal Justice—Correctional Institutions Division. Plaintiff, however, continued to participate actively in this litigation through his legal counsel. On April 13, 2020, however, Plaintiff's counsel moved to withdraw from this case because Plaintiff terminated their contract for legal representation. ECF No. 14. The Court granted the motion to withdraw on April 14, 2020, and from that point onward, Plaintiff proceeded pro se.

Since April 14, 2020, Plaintiff Pilkington has had no contact with the Court, and the U.S. Postal Service has returned multiple orders of the Court as undeliverable at the prison where Plaintiff was incarcerated. The returned mail reflects that Plaintiff has been discharged from prison. *See* ECF Nos. 27 and 32. Contact with the Classification Department of TDCJ reflects that Plaintiff discharged his sentence and was released from prison in December of 2021. He has filed no change of address, nor has he made any effort to communicate with the Court in over four years. In so doing, Plaintiff has effectively blocked any adjudication of his claims because the Court and the Defendants have no way to communicate with him. Moreover, Plaintiff's abandonment of his case has generated considerable waste of court and private resources working on his case in that time. *See* ECF No. 15-32.

The power to dismiss an action for failure of a plaintiff to prosecute is inherent in the Court and is specified in Rule 41 of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31, (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Salinas v. Sun Oil Company*, 819 F.2d 105, 106 (5th Cir. 1987). The district court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant, and the standard of review for such a dismissal is whether the district court abused its discretion. *Link*, 370 U.S. at 633; *McCullough*, 835 F.2d at 106.

## RECOMMENDATION

Plaintiff has failed to maintain contact with the Court and has failed to prosecute his case. Accordingly, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE.** It is further **RECOMMENDED** that any pending motions be **DENIED.**

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 17th day of September 2024.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**